Zheng v. Garland

BIA
Poczter, IJ
A205 302 919

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand twenty-three.

PRESENT:
      JOSEPH F. BIANCO,
      WILLIAM J. NARDINI,
      MYRNA PÉREZ,
          *Circuit Judges.*

_____

SAI HUA ZHENG,[i]
      *Petitioner*,

      v.                               **21-6065**

                                         **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

[i] The Clerk of Court is respectfully directed to amend the caption as indicated above.

*Respondent.*

_____

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Jenny C. Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sai Hua Zheng, a native and citizen of the People's Republic of China, seeks review of a January 14, 2021, decision of the BIA affirming a September 6, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sai Hua Zheng*, No. A 205 302 919 (B.I.A. Jan. 14, 2021), *aff'g* No. A 205 302 919 (Immig. Ct. N.Y.C. Sept. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's and the BIA's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations "under the substantial evidence standard," *Hong Fei Gao v.*

*Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, substantial evidence supports the adverse credibility determination.

Zheng alleged that she was arrested and detained for attending an underground Christian church in China, but her allegations of her injuries were not consistent with a statement from her mother. She testified that the police slapped her, and her face was swollen and bruised. She also testified that she

"did not discover any" and had no memory of bruises other than those on her face. Certified Admin. R. 154. But she submitted a letter in which her mother stated that she could "hardly recognize" Zheng following her release because "her face was red and swollen; her body was black and blue all over." Certified Admin. R. 282. The IJ was not required to accept Zheng's explanation that she was "really in a low mood" following her release, and "didn't pay attention" to her injuries, Certified Admin. R. 154, because Zheng was able to discuss other injuries and seemingly would have remembered if she was beaten rather than just slapped in the face: to overcome an adverse credibility determination by the BIA before this Court, "a petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted).

Zheng also testified that her mother told her that the police came looking for Zheng a week after she left China; however, neither her application nor her mother's letter mentioned this fact. The omission of the police visit was material to her fear of future harm and her claim that she was required to report to the police after her release. *Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a

witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."). The IJ was not required to accept Zheng's explanation that the omission was a result of her and her mother's lack of education. *See Majidi*, 430 F.3d at 80.

Zheng failed to rehabilitate her testimony with reliable corroboration. "An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Zheng's only evidence that the events in China occurred were the letters from her mother and a friend who alleged that she saw Zheng following her release from detention. Zheng's mother's letter contained information that was not in Zheng's written statement, and the agency was not required to give weight to either document. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (concluding that "the IJ acted within her discretion in according . . . little weight" to letters from applicant's wife and friend "because the declarants (particularly [the applicant's] wife) were interested parties and

neither was available for cross-examination"). In addition, Zheng alleged that she attended church regularly in the United States, but she documented attendance only in 2014, despite testifying that she had documentation for other years between that time and her hearing in 2018. *See Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018) ("[T]he alien bears the ultimate burden of introducing . . . evidence without prompting from the IJ." (internal quotation marks omitted)).

The inconsistencies, omissions, and lack of corroboration provide substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicates. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court